1
2
3
4    THE UNITED STATES DISTRICT COURT
5    FOR THE CENTRAL DISTRICT OF CALIFORNIA
6    SOUTHERN DIVISION
7
8  APPLIED MEDICAL RESOURCES         ) SACV11-01406 JVS (ANx)
   CORPORATION,                      ) Consolidated with SACV13-24
9                                    ) JVS (ANx) and SACV14-87 JVS
              Plaintiff,             ) (ANx)
10                                   )
        v.                           ) **AMENDED JUDGMENT**
11                                   )
   TYCO HEALTHCARE GROUP LP d/b/a    )
12 COVIDIEN,                         )
                                     )
13            Defendant.             )
                                     )
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                        CASE No. 11-CV-1406 JVS (ANx), 13-CV-00024 JVS (ANx)

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, the Court enters judgment as described herein in this matter involving Applied Medical Resources Corporation ("Applied"); Gaya Limited ("Gaya"); and Covidien LP, Covidien Sales LLC, and Tyco Healthcare Group LP d/b/a Covidien (collectively, "Covidien"). This judgment is entered further to the Court's Order on Applied's Motion for Judgment on the Pleadings as to Gaya's Unjust Enrichment and Conversion Claims dated June 17, 2013 (Docket No. 146) and the Court's Findings of Fact and Conclusions of Law dated July 11, 2014 (Docket No. 415).

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Gaya's claims against Applied for Unjust Enrichment and Conversion are preempted by federal patent law.

2. Gaya and Covidien have not proven by clear and convincing evidence that any individual associated with Gaya, including Donal Bermingham, Martin Caldwell, Christy Cummins, or Damien Rosney, are sole or joint inventors of any of the inventions claimed in U.S. Patent Nos. 7,473,221, 7,481,765, 8,016,755, 8,105,234, and 8,496,581 ("Applied Patents").

3. The Court has determined that Gaya and Covidien do not have standing to pursue a determination under 35 U.S.C. § 256 to determine whether the named inventors are misjoined. However, assuming standing, the Court finds that the Applied Patents correctly list Richard C. Ewers, John R. Brustad, Edward D. Pingleton, Nabil Hilal, Gary R. Dulak, Payam Adlparvar, and Robert

1 R. Bowes as named inventors.

3     4. All remaining claims and defenses of Applied and Covidien will be adjudicated in future proceedings in the consolidated action, including all remaining issues of validity, infringement, enforceability, and damages.

7     5. Any motion requesting that this judgment be certified as a final judgment pursuant to Fed. R. Civ. P. Rule 54(b) shall be filed within thirty (30) days from the date this judgment is entered.

11     6. Applied need not file any request for fees and/or costs pursuant to Fed. R. Civ. P. Rule 54(d) relating to the issues addressed in this judgment until thirty (30) days after entry of a final judgment that disposes of all remaining issues in this consolidated action.

**IT IS SO ORDERED.**

Dated: July 25, 2014

   HONORABLE JAMES V. SELNA
   UNITED STATES DISTRICT JUDGE